**CHUN DENG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 07–2787–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Chun Deng Zheng, New York, New York, pro se, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Yamileth G. HandUber, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Chun Deng Zheng, a native and citizen of the People's Republic of China, seeks

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

review of a June 14, 2007 order of the BIA affirming the January 5, 2006 decision of Immigration Judge ("IJ") Helen Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Deng Zheng*, No. A79 682 697 (B.I.A. Jun. 14, 2007), *aff'g* No. A79 682 697 (Immig. Ct. N.Y. City Jan. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts and affirms the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(b)(4)(B); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

We conclude that the agency's adverse credibility determination is supported by substantial evidence. The IJ noted that Zheng's testimony "had a highly scripted quality to it," that "[h]e kept looking up as though he was trying to remember how he was supposed to answer the questions, and it seemed even on direct examination that he wasn't able to answer questions unless they were asked of him in a very specific way." Zheng argues that this finding was speculative, unsupported by the record, and influenced by errors in translation. It

is well-settled, however, that this Court will afford significant deference to the fact-finder's assessment of demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Indeed, an IJ "who assesses testimony together with witness demeanor is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it; whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). Here, although the IJ did not provide specific examples of when Zheng's testimony sounded scripted—indeed, it may well have seemed to her scripted in its entirety—or when he was unresponsive, we have no basis for declining to defer to her overall assessment of Zheng's demeanor.

The IJ also properly relied on an inconsistent statement in Zheng's testimony. The IJ noted that despite his testimony that "Chinese police officers came to [his] house to arrest [him]," he claimed that he did not know whether the Chinese government knew he practiced Falun Gong. To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). In this case, whether the Chinese government knew about Zheng's practice of Falun Gong is plainly a "substantial" issue. We conclude that this discrepancy, when considered together with the demeanor finding especially when combined with

Zheng's failure to rehabilitate his testimony with reliable corroborative evidence, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006), constitutes substantial evidence in support of the IJ's adverse credibility determination. *Id.*

Inasmuch as Zheng based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ properly found that this evidence lacked credibility, his withholding of removal and CAT claims necessarily fail. *See, e.g., Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the pending motion for a stay of removal as moot.